**Mary Lou JOINER, Individually and as Administratrix of the Estate of H. D. Joiner, Deceased, Appellant,**

v.

**David JOYNER, Appellee.**

**No. 5545.**

Court of Civil Appeals of Texas, Waco.

June 10, 1976.

Rehearing Denied July 1, 1976.

Leonard E. Choate, Walter F. Clark, Erhard, Cox & Ruebel, Robert C. Cox, Dallas, for appellant.

Behan & Leech, Paul W. Leech, Grand Prairie, for appellee.

OPINION

JAMES, Justice.

This is a case wherein the trial court withdrew the cause from the jury and entered judgment as a matter of law in favor of the Defendant-Appellee. We reverse and remand.

Plaintiff-Appellant Mary Lou Joiner, Individually and as the widow of and as Administratrix of the Estate of Howard D. Joiner, deceased, brought this suit against

Defendant-Appellee David Joyner *, her deceased husband's brother, for the alleged wrongful death of her deceased husband.

Plaintiff-Appellant's pleadings alleged the following matters which are material to her asserted cause of action:

(1) On April 11, 1973, the deceased Howard D. Joiner was gainfully employed by the Defendant David Joyner, doing business as "Dave's Automotive," "Dave's Wrecker Service," and "Dave's Wrecker Yard."

(2) That Defendant had in his employment three (3) or more employees and did not have workmen's compensation insurance coverage at the time and on the occasion of the deceased's injuries in question.

(3) On April 11, 1973, the deceased was severely burned when the acetylene torch he was using ignited gas fumes while deceased was dismantling a wrecked automobile belonging to the Defendant.

(4) That at the time and on the occasion in question the Defendant was guilty of the following acts or omissions of negligence, each of which was a proximate cause of the deceased's injuries, to wit, in that Defendant failed (a) to provide fireproof clothing for deceased and other employees engaged in dismantling and cutting up wrecked automobiles, (b) to provide proper training for such employees, (c) to give adequate instructions to the deceased and such other employees, (d) to drain the gasoline from the vehicle upon which deceased was working at the time of his injuries, and (e) to provide a fire extinguisher to extinguish any fires.

(5) That the deceased was hospitalized as a result of such injuries from April 11, 1973, until his death which occurred on May 13, 1973. That as a result of such hospitalization, the deceased incurred medical and hospital expense to Parkland Hospital, Dallas, Texas, in the amount of $15,493.55.

(6) Alternatively, Plaintiff-Appellant alleged that the deceased was working in Defendant's place of business, and that De-fendant: (a) failed to provide the deceased a safe place in which to work, (b) failed to warn deceased of the presence of gasoline in Defendant's wrecked cars, (c) failed to drain gasoline from the wrecked cars upon which the deceased was working; and that each of such grounds of negligence was a proximate cause of deceased's injuries.

(7) Plaintiff-Appellant sued for the medical expenses, pain and suffering, and diminution of deceased's future earning capacity.

Defendant-Appellee's pleadings in essence denied that the deceased was an employee; that Defendant owed no duty to furnish fireproof clothing or training to the deceased, but that if Defendant did owe such duty, that failure to so furnish fireproof clothing or training was not negligence; that Defendant was not obligated to be a subscriber to the Workman's Compensation Act (because he was not at the time employing but two employees); that the deceased was guilty of certain acts of contributory negligence and assumed the risk, and thereby Defendant was not liable. Additionally, Defendant alleged a general denial.

Trial was had to a jury, and immediately after Plaintiff-Appellant rested its case, Defendant-Appellee filed a motion for instructed verdict. The trial court granted Defendant's motion, withdrew the case from the jury and entered judgment that Plaintiff-Appellant take nothing, holding that Defendant-Appellee was entitled to judgment as a matter of law.

From this judgment Plaintiff-Appellant appeals on three points of error, all of which in effect assert that the Plaintiff's pleadings and evidence raised material fact issues which should have been submitted to the jury, and that the trial court erred in granting the Defendant's motion for instructed verdict. We sustain Plaintiff-Appellant's points of error and accordingly reverse and remand the cause to the trial court for retrial.

---

* The Defendant had the spelling of his surname changed from Joiner to Joyner for personal and family reasons.

Our Supreme Court has laid down the rules which we are obliged to follow in cases wherein the trial court has instructed a verdict, or has withdrawn the case from the jury and entered judgment. It is well settled that it is error to instruct a verdict when the evidence raises any material issue. The evidence must be considered most favorably in favor of the losing party, and a peremptory instruction is warranted only when the evidence is such that no other verdict could have been rendered and the prevailing party was entitled as a matter of law to a judgment. If there is any conflicting evidence, either direct or circumstantial in the record of a probative nature, the case is for the jury. We must accept as true the evidence in the record supporting the losing party's cause of action or defense as the case may be, disregarding all conflicts and indulging every intendment reasonably deducible from the evidence in favor of the losing party. *Stevens v. Karr* (1930) 119 Tex. 479, 33 S.W.2d 725; *Anglin v. Cisco Mortgage Loan Co.* (1940) 135 Tex. 188, 141 S.W.2d 935; *Jones v. Nafco Oil and Gas, Inc.,* (Tex.1964) 380 S.W.2d 570; *Constant v. Howe* (Tex.1968) 436 S.W.2d 115.

In the case at bar, we have carefully examined the evidence in the light of the foregoing rules, and without detailing same, we are of the opinion that there is evidence of probative value in support of Plaintiff-Appellant's material allegations. Therefore the trial court should have submitted the cause to the jury. The withdrawal of the case from the jury and entry of judgment for the Defendant was error. We accordingly reverse the trial court's judgment and remand the cause for retrial.

REVERSED AND REMANDED.